UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAVONJIA SCOTT — CIVIL ACTION

VERSUS — NO. 26-863

RESPONSIBILITY HOUSE ET AL. — SECTION R

**ORDER & REASONS**

Before the Court is the motion to dismiss of defendant ACE American Insurance Company ("AAIC").[1] Plaintiff Tavonjia Scott opposes the motion.[2] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case concerns an insurance dispute arising from an automobile collision. Plaintiff alleges that on May 13, 2025, she was driving a van owned by her employer, defendant Responsibility House, when she was rear-ended by an SUV driven by non-party Robert Bowling.[3] As a result of this collision, plaintiff alleges that she suffered pain and suffering and incurred medical expenses.[4]

---

1 R. Doc. 10.
2 R. Doc. 15.
3 R. Doc. 11 at ¶¶ 9–10.
4 *Id.* at ¶ 22.

Plaintiff alleges that Bowling was an underinsured motorist ("UM") whose per-person policy limit of $15,000 was insufficient fully to compensate plaintiff for her damages.[5] Plaintiff further alleges that a UM insurance policy issued by defendant AAIC to Responsibility House covered plaintiff as a third-party beneficiary at the time of the collision.[6] But plaintiff alleges that AAIC breached its contractual obligations under this insurance policy by failing to tender payment to plaintiff for damages incurred above the $15,000 cap on Bowling's insurance policy.[7]

On March 25, 2026, plaintiff brought this case in state court against Responsibility House, the named insured on the UM insurance policy, and against AAIC, the issuer of the UM insurance policy.[8] On April 22, 2026, AAIC removed the case to this Court under 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332 and asserting that non-diverse defendant Responsibility House was improperly joined.[9] Plaintiff amended her complaint on June 16, 2026.[10]

5 *Id.* at ¶ 11.
6 *Id.* at ¶¶ 12–13, 18.
7 *Id.* at ¶¶ 14, 17, 19.
8 R. Doc. 2-1; R. Doc. 11 at ¶ 13.
9 R. Doc. 1.
10 R. Doc. 11.

Plaintiff's original petition sought recovery for past, present, and future pain and suffering and past, present, and future medical expenses. She also alleged breach of AAIC's statutory duty of good faith and fair dealing, for which a plaintiff may recover additional damages.[11] La. R.S. 22:1892(I)(1)(a). In her amended complaint, plaintiff does not assert a bad faith claim.

AAIC now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that plaintiff has failed to state a claim upon which relief can be granted. The Court considers the motion below.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)), and sufficient, "if true, [to] 'raise a right to relief above the speculative level.'" *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded facts

---

11 R. Doc. 2-1 at 17–18.

as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. The Court may take judicial notice of publicly available documents that are "matters of public record directly relevant to the issue at hand." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). And, in considering a motion to dismiss, the Court "may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to her claim." *Sligh v. City of Conroe*, 87 F.4th 290, 297 (5th Cir. 2023).

## III. DISCUSSION

### A. Subject Matter Jurisdiction

At the outset, the Court is obliged to "ensure that [it has] subject matter jurisdiction, *sua sponte* if necessary." *Freedom from Religion Found., Inc. v. Mack*, 49 F.4th 941, 949 (5th Cir. 2022) (citation modified). In a removed case such as this one, the removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes

should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

Defendant asserts that this Court has jurisdiction based on diversity of citizenship.[12] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states," and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The Court considers both the diversity-of-citizenship and the amount-in-controversy requirements.

*1. Diversity of parties*

For a federal court to possess diversity jurisdiction, diversity must be complete. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Unless improperly joined, a plaintiff and a defendant who are citizens of the same state destroy complete diversity. *See Williams v. Wingrove*, 153 F.4th 455, 460 (5th Cir. 2025).

---

[12] R. Doc. 2 at 3.

Although defendant AAIC is a citizen of Pennsylvania, defendant Responsibility House is, like plaintiff, a citizen of Louisiana. But AAIC argues that plaintiff has improperly joined Responsibility House and claims that Responsibility House is therefore automatically dismissed by operation of defendants' removal to this Court.[13] AAIC is patently wrong that filing a removal petition and asserting improper joinder effectuates an automatic dismissal of the party the defendant asserts is improperly joined. Regardless of AAIC's presumption, the Court must determine whether it has subject matter jurisdiction before it can proceed.

"Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citation modified). At issue here is the second of these forms of improper joinder, under which "joinder is improper if there is no possibility of recovery by the plaintiff against an in-state defendant." *Id.* (citation modified). "To predict whether a plaintiff has a reasonable basis of recovery, [t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 461. "Ordinarily, if a plaintiff can

---

13 R. Doc. 10 at 1 n.1; *see also* R. Doc. 2 at 3–6.

survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

AAIC argues that plaintiff cannot establish any cause of action against Responsibility House because (1) plaintiff has alleged no facts against Responsibility House and (2) any remedies plaintiff might seek against Responsibility House, her employer, are available through only workers' compensation, not a tort suit.[14]

AAIC is correct that plaintiff has alleged no facts against Responsibility House. At most, plaintiff's petition states, "Plaintiff avers that this refusal to provide Plaintiff with a reasonable unconditional tender constitutes a breach of contract by Defendant, Responsibility House."[15] But, per plaintiff's petition, this alleged refusal was a refusal by AAIC, the issuer of the insurance policy, not Responsibility House, the primary insured.[16] Plaintiff's petition alleges neither any contract between plaintiff and Responsibility House nor any action that might have breached such a contract. Plaintiff's action

14 R. Doc. 2 at 4–5.

15 R. Doc. 2-1 at ¶ 14. In determining jurisdiction, the Court looks to plaintiff's petition at the time of removal, not plaintiff's subsequent amended complaint, because jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy*, 101 F.3d at 456. Regardless, plaintiff's amended complaint does not differ meaningfully from the original petition regarding allegations against Responsibility House.

16 R. Doc. 2-1 at ¶ 12.

against Responsibility House would not survive a Rule 12(b)(6) motion to dismiss. Responsibility House was therefore improperly joined for this reason.

In addition, AAIC argues that plaintiff has no cause of action against Responsibility House because her only mechanism for recovery from her employer for a workplace injury is through workers' compensation.[17] Louisiana's workers' compensation statute, La R.S. 23:1031, *et seq.*, provides that the rights and remedies granted under the statute "shall be exclusive of all other rights, remedies, and claims for damages." La. R.S. 23:1032(A)(1)(a). AAIC has introduced evidence showing that Responsibility House's workers' compensation insurer paid a claim by Responsibility House for the collision that injured plaintiff.[18] This evidence is properly considered by the Court for the purpose of assessing whether it possesses subject matter jurisdiction. *See Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) ("[T]he district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." (citation modified)). The Court finds that the allegations of plaintiff's complaint and the evidence presented by AAIC

17 R. Doc. 2 at ¶ 19.
18 R. Doc. 2-3.

establish that plaintiff was injured "by accident arising out of and in the course of [her] employment," La. R.S. 23:1031, and that she therefore has no cause of action arising from her injury, in tort or contract, against Responsibility House. For this reason, too, Responsibility House was improperly joined.

Because plaintiff improperly joined Responsibility House as a defendant, the Court finds the properly joined parties completely diverse.

2. *Amount in controversy*

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). If a plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal. *Id.* at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

Here, though, plaintiff filed her complaint in Louisiana state court, and Louisiana law ordinarily does not permit plaintiffs to plead a specific amount

of monetary damages. *See* La. Code Civ. Proc. art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."). When, as here, a plaintiff has alleged an indeterminate amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88–89 (2014); *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant satisfies this burden either by showing that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute that support finding that the jurisdictional amount is satisfied. *Allen*, 63 F.3d at 1335. Where the "facially apparent" test is not met, it is appropriate for the Court to consider "summary-judgment-type evidence" relevant to the amount in controversy as of the time of removal. *Id.* at 1336.

Here, several factors support a finding that the jurisdictional amount is met. Plaintiff suffered head, neck, and back injuries that have required her to receive ongoing medical treatment since she sustained them over a year ago.[19] As of November 26, 2025—the most recent date for which the Court

---

19 *Id.* at 2–3.

has evidence of plaintiff's medical expenses—plaintiff had already accrued nearly $15,000 in expenses.[20] She seeks recovery for these and future medical expenses, as well as for pain and suffering. At the time of removal, plaintiff also sought attorneys' fees and punitive damages for bad faith.[21] Furthermore, plaintiff has rejected a $30,000 tender offer as unreasonable.[22] She has refused to stipulate that she is seeking to recover less than the jurisdictional amount.[23] *See Broadway v. Wal-Mart Stores, Inc.*, No. CV 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (refusal to stipulate that plaintiff seeks less than the jurisdictional amount is evidence that the jurisdictional amount is in controversy). And she has sent AAIC a letter demand for compensation up to the UM insurance policy's $1 million limit, which, although drastically out of proportion to her incurred medical expenses so far, nevertheless indicates that plaintiff is likely seeking recovery above the jurisdictional amount. *See Creppel v. Fred's Stores of Tennessee, Inc.*, No. CV 13-734, 2013 WL 3490927, at *3 (E. D. La. July 10, 2013) (finding that a pre-petition settlement demand in excess of the jurisdictional amount is evidence that the jurisdictional amount is in

---

20 *Id.* at 3.
21 R. Doc. 2-1 at ¶ 18.
22 *See* R. Doc. 2-1 at ¶¶ 11–12.
23 R. Doc. 2-6.

controversy); *Williams v. Sentry Select Ins. Co.*, No. CV 20-766, 2020 WL 1617291, at *2 (E.D. La. Apr. 2, 2020) (same). Furthermore, plaintiff has not challenged the existence of the jurisdictional amount. Based on the evidence presented, the Court finds the jurisdictional amount satisfied.

The Court has diversity jurisdiction, and the improperly joined defendant, Responsibility House, is dismissed.

### B. Motion to Dismiss

#### *1. Consideration of the Motion to Dismiss*

As an initial matter, after defendant filed its motion to dismiss, plaintiff filed an amended complaint. Plaintiff asserts that the amended complaint is the operative complaint.[24] Defendant asserts that the amended complaint does not cure all of the defects identified in the motion to dismiss.[25]

When a plaintiff files an amended complaint after the defendant has filed a motion to dismiss, a district court has "the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Raskin ex rel. JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 282 n.1 (5th Cir. 2023); *see also* 6 *Wright & Miller's Federal Practice & Procedure* § 1476 (3d ed. 2026) ("If some of the defects

---

24 R. Doc. 15 at 7.
25 R. Doc. 13 at 6–7.

raised in the original motion [to dismiss] remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

AAIC's motion to dismiss had two bases: (1) that plaintiff's original petition did not cite the insurance policy provision that she claims AAIC breached, and (2) that plaintiff did not provide AAIC with satisfactory proof of loss to establish Bowling's underinsured status. Plaintiff's amended complaint addresses the first of these bases, but AAIC continues to press its argument regarding satisfactory proof of loss. Because AAIC's argument remains pertinent to the amended complaint, no purpose would be served by requiring AAIC to re-file a virtually identical motion. The Court will therefore consider the motion to dismiss as addressed to the amended complaint.

*2. Breach of Contract*

Plaintiff alleges that AAIC breached its contractual obligations under the UM policy by failing to tender payment for losses she incurred while she operated a vehicle covered by the policy.[26] AAIC argues that plaintiff never provided satisfactory proof of loss showing that the driver who caused the

---

26 R. Doc. 11 at ¶ 19.

collision, Bowling, was underinsured.[27] Without satisfactory proof of loss, AAIC argues, AAIC was not obligated to tender payment.[28]

La. R.S. 22:1892, which governs the payment of insurance claims, requires an insurer to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest." To establish satisfactory proof of loss in a UM claim, the claimant must provide the insurer "sufficient facts which fully apprise the insurer that (1) the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages." *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085, 1089 (La. 1985).

At issue in defendant's motion dismiss is the first requirement: namely, whether Bowling was underinsured. La. R.S. 22:1295(6) provides a plaintiff with three methods for establishing *prima facie* proof of the underinsured status of a motorist. These methods are:

> (a) The introduction of sworn notarized affidavits from the owner and the operator of the alleged uninsured vehicle attesting to their current addresses and declaring that they did not have automobile liability insurance in effect covering the vehicle in question on the date of the accident in question;

27 R. Doc. 13 at 7.
28 *Id.*

> (b) A sworn notarized affidavit by an official of the Department of Public Safety and Corrections to the effect that inquiry has been made pursuant to R.S. 32:871 by depositing the inquiry with the United States mail, postage prepaid, to the address of the owner and operator as shown on the accident report, and that neither the owner nor the operator has responded within thirty days of the inquiry, or that the owner or operator, or both, have responded negatively as to the required security, or a sworn notarized affidavit by an official of the Department of Public Safety and Corrections that said department has not or cannot make an inquiry regarding insurance. This affidavit shall be served by certified mail upon all parties fifteen days prior to introduction into evidence.
>
> (c) any admissible evidence showing that the owner and operator of the alleged uninsured vehicle was a nonresident or not a citizen of Louisiana on the date of the accident in question, or that the residency and citizenship of the owner or operator of the alleged uninsured vehicle is unknown, together with a sworn notarized affidavit by an official of the Department of Public Safety and Corrections to the effect that on the date of the accident in question, neither the owner nor the operator had in effect a policy of automobile liability insurance.

La. R.S. 22:1295(a)–(c).

If a plaintiff does not use one of the above enumerated methods, she "has the burden of proving that the offending vehicle was underinsured by other admissible evidence." *Lozano v. Brown*, 60 So. 3d 669, 671 (La. App. 5 Cir. 2011). "Ordinarily, the plaintiff can satisfy this by introducing the declarations page of the offending driver's liability policy [that] show[s] the

policy limits." *See Dean v. State Farm Mut. Auto. Ins. Co.*, 217 So. 3d 611, 616 (La. App. 3 Cir. 2017); *see also Gillmer v. Parish Sterling Stuckey*, 30 So. 3d 782, 788 (La. App. 1 Cir. 2009) (finding that plaintiff met his burden by introducing "certified copies of Progressive's declarations page and policy agreement [that] establish[ed] the monetary limits of the available liability coverage"). Alternatively, a plaintiff can satisfy this burden by "introducing the testimony or written statement of the offending driver admitting that he had no insurance," or "by showing that [plaintiff's] own UM carrier has judicially confessed liability." *Dean*, 217 So. 3d at 617.

Nowhere in her amended complaint does plaintiff allege specific facts establishing that she provided AAIC with satisfactory proof of loss to show Bowling's underinsured status. She makes only the conclusory assertion that Bowling "was uninsured/underinsured on the date of the accident giving rise to the instant litigation, and that Plaintiff made a showing of same to Ace American Insurance Company pursuant to La. R.S. 22:1295(6)(c)."[29] This assertion does not supply specific allegations regarding how, when, or in what form plaintiff provided the required satisfactory proof of loss to defendant.

[29] R. Doc. 11 at ¶ 20.

Now, in briefing, plaintiff argues that she has provided AAIC with satisfactory proof of loss in two ways: (1) by serving AAIC with plaintiff's original Petition for Damages and (2) by submitting to AAIC the declaration page for Bowling's liability policy,[30] which she acknowledges that she did for the first time only on June 22, 2026,[31] nearly three months after the initiation of this case. Neither is sufficient to survive this motion to dismiss.

First, a plaintiff's "allegation of UM status in the plaintiff's petition" does not qualify as proof of loss. *See Dean*, 217 So. 3d at 618. It is a self-serving allegation, not an admission of an adverse fact, so it cannot establish the scope of liability coverage. *See id.*

Plaintiff attempts to overcome this deficiency by citation to the standard of review for motions to dismiss, according to which the Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand*, 565 F.3d at 232. Plaintiff argues that because her allegation that Bowling was underinsured must be taken as true at the motion-to-dismiss stage, the service of her original petition for damages on defendant amounted to delivery of satisfactory proof of loss.[32] This argument confuses the standard of review for motions to dismiss with

---

30 R. Doc. 15 at 10–11.
31 R. Doc. 16.
32 *Id.* at 10.

the requirement that an insured satisfactorily *prove* loss before an insurer is obligated to tender payment. The standard of review is a standard applied by the Court, not a standard governing the insurer's obligation. The insurer's obligation is instead governed by La. R.S. 22:1892. AAIC was therefore not required to treat as true plaintiff's bare allegation that Bowling was underinsured, absent satisfactory proof of loss.

Second, plaintiff's claim that she has now submitted the declaration page of Bowling's insurance policy to AAIC is insufficient to survive defendant's motion to dismiss. Plaintiff filed her amended complaint and her memorandum in opposition to defendant's motion to dismiss on June 16, 2026. In the memorandum, but *not* in the amended complaint, plaintiff claims that she provided AAIC with Bowling's declaration page on June 15.[33] But on June 25, 2026, plaintiff filed a statement asserting that, in fact, she did not provide the declaration page to AAIC until June 22.[34]

Plaintiff has not properly alleged that she submitted the declaration page to AAIC. "When deciding a Rule 12(b)(6) motion to dismiss, the district court is limited to the allegations set forth in the complaint. . . . '[I]t is axiomatic that the complaint may not be amended by the briefs in opposition

33 R. Doc. 15 at 11.
34 R. Doc. 16.

to a motion to dismiss.'" *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). Plaintiff cannot amend her amended complaint through briefing or filing a statement acknowledging error in her brief. She has failed to properly allege that she submitted the declaration page to AAIC.

In short, plaintiff has not alleged that she submitted satisfactory proof of loss to AAIC, a necessary condition for her breach of contract claim.

*3. Duty of Good Faith and Fair Dealing*

In her memorandum in opposition to the motion to dismiss, plaintiff continues to press her claim for bad faith.[35] But plaintiff's amended complaint makes no allegation that AAIC breached a duty of good faith and fair dealing. Such an allegation was present in plaintiff's original petition,[36] but plaintiff abandoned this allegation in her amended complaint. An amended complaint supersedes an earlier complaint, and "[t]he original pleading no longer performs any function in the case." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (citation modified). That plaintiff continues to press her claim for bad faith in her opposition brief is

---

35 R. Doc. 15 at 10–11.

36 R. Doc. 2-1 at ¶ 18.

irrelevant. As noted above, the Court is bound by the allegations contained in plaintiff's amended complaint. *See Roebuck*, *supra*, at 280.

### C. Dismissal Without Prejudice

The Court finds both plaintiff's original petition for damages and her amended complaint woefully insufficient and therefore dismisses her claim for breach of contract without prejudice.

Plaintiff has requested leave to amend.[37] In light of plaintiff's allegation, made in filings outside her amended complaint, that she has now provided defendant with Bowling's declaration page, the Court does not find that amendment would be futile. The Court therefore grants plaintiff leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court grants AAIC's motion, **DISMISSES** defendant Responsibility House from the case, and **DISMISSES WITHOUT PREJUDICE** plaintiff's amended complaint. The Court **GRANTS LEAVE TO AMEND** by **October 15, 2026**.

New Orleans, Louisiana, this 1st day of October, 2026.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

37 R. Doc. 15 at 9.